# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3173

_____

Randall Orvis Peterson,     *
                *
    Appellant,      *
                *
   v.          * Appeal from the United States
                * District Court for the
Kenneth S. Apfel, Commissioner of * District of North Dakota
Social Security,       *
                *   [UNPUBLISHED]
    Appellee.      *

_____

Submitted: January 5, 2001

Filed: January 29, 2001

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD,
  Circuit Judges.

_____

PER CURIAM.

  Randall Peterson appeals from the final judgment entered in the District Court[1] for the District of North Dakota, affirming the Commissioner's decision to deny his application for disability insurance benefits.  For reversal, Peterson argues (1) the

_____

[1]The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota, adopting the report and recommendation of the Honorable Karen K. Klein, United States Magistrate Judge for the District of North Dakota.

district court erred in failing to consider his impairments stemming from depression and (2) the administrative law judge (ALJ) misread a functional capacity evaluation, failed to compare his residual functional capacity (RFC) with the demands of his past relevant work (PRW), and failed to credit a statement by his treating physician, Dr. Campbell. For the reasons discussed below, we affirm.

As to Peterson's depression-related limitations, the ALJ properly included them in his findings and in his hypothetical to the vocational expert; therefore, the district court's failure to consider them is not grounds for reversal. The remaining arguments focus on the ALJ's decision, which we review only to determine whether it is supported by substantial evidence on the record as a whole, that is, whether there exists relevant evidence that a reasonable person might accept as adequate to support the conclusion. See Ingram v. Chater, 107 F.3d 598, 600 (8th Cir. 1997). Having carefully reviewed the record, we reject Peterson's contention that the ALJ misread a functional capacity evaluation as indicating that he could work an eight-hour day, subject to various described restrictions on continuous walking, sitting, or standing. This reading is supported by the evaluation's language and Dr. Campbell's separate letter clarifying the evaluation and emphasizing the importance of intermittent activities within an eight-hour day. We are also satisfied that the ALJ sufficiently compared Peterson's RFC to the actual demands of his PRW. The ALJ made specific findings on Peterson's mental and physical RFC, and included the RFC in a hypothetical to the vocational expert (VE), who opined that Peterson could perform some of his PRW; the ALJ also noted the VE's findings as to the skill and exertional levels required by those jobs. See Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir. 1991) (in determining whether claimant can perform PRW, ALJ must compare limiting effects of impairments with demands of such work). The ALJ was not required to accept as controlling, on the issue of ability to return to work, Dr. Campbell's statement, "I think in view of the course things have taken, I am skeptical

that Mr. Peterson will be able to return to a job that requires standing and walking . . . he may need training to develop skills which would allow him to be employed at a near-total sedentary position." See Qualls v. Apfel, 158 F.3d 425, 428 (8th Cir. 1998) (ALJ need not adopt opinion of treating physician on ultimate issue of claimant's ability to work). Further, the statement is vague and is contradicted by Dr. Campbell's subsequent release of Peterson to return to work within the restrictions detailed in the functional capacity evaluation, which described Peterson's ability to stand and walk. See Piepgras v. Chater, 76 F.3d 233, 236 (8th Cir. 1996) (treating physician's vague opinion had limited value).

Finally, we need not address the propriety of the Commissioner's motion to dismiss, which the district court correctly found moot in light of its grant of summary judgment.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.